**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000096
15-FEB-2024
07:49 AM
Dkt. 49 SO**

NO. CAAP-23-0000096

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
DUTCHIE L. KALUNA, Defendant-Appellant,
and
ALIKA A. AGUSTIN, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CPC-19-0001021)

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Nakasone and Guidry, JJ.)

Defendant-Appellant Dutchie L. Kaluna (**Kaluna**) appeals from the February 1, 2023 Judgment of Conviction and Sentence entered by the Circuit Court of the Third Circuit (**Circuit Court**).[1] In accordance with a plea agreement with Plaintiff-Appellee State of Hawai'i (**State**), Kaluna and a co-defendant each

_____

[1] The Honorable Robert D.S. Kim presided.

pled no contest to Kidnapping in violation of Hawaii Revised Statutes (**HRS**) § 707-720(1)(e).[2]  Following a February 1, 2023 sentencing hearing, Kaluna was sentenced to a ten-year term of imprisonment for Kidnapping, to run consecutive to the sentences imposed in 1CPC-20-0001376, 1CPC-20-0001130, 1CPC-20-0000567, 1CPC-19-0001727, 1CPC-19-0001664, and 1CPC-18-0001065.[3]

On appeal, Kaluna challenges the imposition of consecutive sentencing, contending that the Circuit Court improperly "infer[red] a lack of remorse" by Kaluna, who "ha[d] pled no contest to an offense and ha[d] not spoken about the offense conduct [sic] to either the presentence investigator or the court, and use[d] this as a negative factor for sentencing[.]"  Kaluna argues that the Circuit Court sentenced Kaluna to the "harsher" consecutive sentence and "commented twice that [Kaluna]'s lack of remorse was a factor in this sentencing decision."

---

[2]    The underlying case arose out of a December 7, 2013 sexual assault allegation.  Along with a co-defendant, Kaluna was charged with three counts of Sexual Assault in the First Degree, one count of Attempted Sexual Assault in the First Degree, one count of Sexual Assault in the Third Degree, and one count of Kidnapping.  The record reflects that a jury-waived trial was commenced on September 6, 2022 but not completed, and the parties entered into a plea agreement on September 7, 2022.  Pursuant to the plea agreement, the sexual assault counts in the Indictment were "removed" from a "Complaint Superseding Indictment" filed September 7, 2022, which only contained a single Kidnapping charge.

[3]    The Presentence Investigation Report (**PSI Report**) reflects that at the time of the February 1, 2023 sentencing hearing, Kaluna was serving concurrent terms of imprisonment for numerous felony offenses in six different criminal cases: 1CPC-20-0001376, 1CPC-20-0001300, 1CPC-20-0001130, 1CPC-20-0000567, 1CPC-19-0001727, 1CPC-19-0001664.  These offenses included Fraudulent Use of a Credit Card, Theft in the First Degree, Unauthorized Possession of Confidential Personal Information (two counts), Identity Theft in the Third Degree (two counts), Attempted Theft in the Third Degree, Habitual Property Crime, Burglary in the First Degree, Unauthorized Entry Into a Motor Vehicle in the First Degree, Unauthorized Control of a Propelled Vehicle, and Criminal Property Damage in the First, Second (three counts), and Third Degrees (two counts).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Kaluna's point of error as follows, and affirm.

We review a sentencing court's imposition of sentence for an abuse of discretion. See State v. Hussein, 122 Hawai'i 495, 503, 229 P.3d 313, 321 (2010). A sentencing court has discretion to impose consecutive prison sentences. HRS § 706-668.5(1); State v. Kong, 131 Hawai'i 94, 101, 315 P.3d 720, 727 (2013).

At sentencing, the Circuit Court indicated that it had reviewed the PSI Report and the records and files of this case. The State argued for a consecutive ten-year prison term for this Kidnapping offense. Kaluna's counsel requested that the sentence run concurrent with Kaluna's current terms of imprisonment, disagreeing with the State's claim that a concurrent sentence "would amount to no punishment." Kaluna addressed the Circuit Court, stating that he had "been incarcerated for the last three years [and] three months"; that "[he had] been in there long enough to realize that [he did not] wanna [sic] be in there any longer"; and that he was "totally over all that crime . . . over the drugs."

The Circuit Court explained its reasoning as follows:

> What strikes me the most is none of these gentlemen care about the victim. They talked about themselves. They talked about their families. It's like it never happened. It happened.
>
> You pled no contest to Kidnapping. I was here. I read everything. I read the DNA. I read all the reports. And yes, there's discrepancies. I agree with that, and perhaps the better course of valor was to plead to the Kidnapping. You don't have to register as a sexual offender, and who knows what would have happened. I was gonna [sic] make the decision. I didn't hear all the evidence. Right?

3

So sometimes in life when you do something you gotta [sic] pay for it.  <u>Sometimes when you cause a person to be harmed, not necessarily physically but psychologically for the rest of their lives, you gotta [sic] pay for it</u>.

I saw the victim.  I never talked to her, just heard testimony.  I read the reports. . . .

. . . .

[(The Circuit Court first sentences the co-defendant, then addresses Kaluna's sentence.)]

<u>The Court also finds no remorse or acknowledgment of the effect of any wrongful actions or any possible harm</u> to the defendant--<u>to the victim</u>.

<u>The Court finds that he is currently under a term of imprisonment</u>.  Under 706-668(5), multiple sentence of imprisonment,

"If multiple terms of imprisonment are imposed on a defendant, or if a term of imprisonment is imposed upon a defendant who is already subject to an unexpired term of imprisonment, the terms of--the terms may run concurrently or consecutively."

<u>I find in this case that Mr. Kaluna is currently imprisoned on an unexpired term of imprisonment</u>.  <u>He currently is I believe imprisoned on 1CPC-20-1376, 1CPC-20-1300, 1CPC-20-1130, 1CPC-20-567, 1CPC-19-1727, 1CPC-19-1664</u>.

In determining the factors for imposing consecutive sentencing the Court must consider whether the terms imposed are ordered to be run concurrently or consecutively and must consider the factors set forth in Section 706-606.

(Emphases added.)  The Circuit Court applied HRS § 706-668.5[4]

because Kaluna was already serving terms of imprisonment, and

---

[4]     HRS § 706-668.5 (2014), entitled "Multiple sentence of imprisonment," provides:

(1)  If multiple terms of imprisonment are imposed on a defendant, whether at the same time or at different times, or <u>if a term of imprisonment is imposed on a defendant who is already subject to an unexpired term of imprisonment, the terms may run concurrently or consecutively</u>. . . .

(2)  The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider the factors set forth in section 706-606.

4

HRS § 706-668.5 requires the sentencing court to consider the HRS § 706-606[5] sentencing factors in determining whether to order concurrent or consecutive sentencing. The Circuit Court then applied the HRS § 706-606 factors as follows:

> In this particular case the circumstances of the offense are egregious and serve no purpose and also were harmful to the victim. That the history involving Mr. Kaluna currently on unexpired terms of prison indicate the characteristics involving this defendant.
>
> The Court considers the need for the sentence to be imposed, and the Court finds that this is proper to protect the public from harm, threatened harm or any activities.
>
> Because [sic] the nature of the charges and the pleas the Court must reflect the seriousness of the offense to the defendant for -- to promote the respect of law and to provide just punishment for the offense. The Court finds that the seriousness of the offense must be taken into

(Emphasis added.)

[5]    HRS § 706-606 (2014) requires a sentencing court to consider the following "[f]actors to be considered in imposing a sentence":

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The need for the sentence imposed;

    (a)   To reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense;

    (b)   To afford adequate deterrence to criminal conduct;

    (c)   To protect the public from further crimes of the defendant; and

    (d)   To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) The kinds of sentences available; and

(4) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

consideration in determining whether it should be consecutive or concurrent.

The Court also considers the adequate deterrence to criminal conduct. Although this took place many years ago there's no indication from his current history that he intends to change. I give him credit for not -- not having write-ups, but I find that to be de minimus.

The Court also must consider [sic] to protect the public from further crimes of the defendant. I think the record speak [sic] for itself that he is a career individual who has so many cases that it's difficult to keep track of them.

The Court also needs to provide the defendant -- the Court also needs to consider and avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

Court finds that based on the following factors, the Court having considered all of them, Court will issue the following judgment.

. . . .

Defendant is committed to the custody of the Department of Public Safety for incarceration for an indeterminate period of 10 years with credit for any and all jail time served. Said terms of incarceration shall run consecutive to the sentences imposed in 1CPC-20-1376, 1CPC-20-1130, 1CPC-20-567, 1CPC-19-1727, 1CPC-19-1664 and 1CPC-18-1065. Mittimus forthwith.

A sentencing court may consider a defendant's lack of remorse. See HRS § 706-606(1) (consideration of defendant's characteristics). "[W]hile lack of remorse legitimately may be considered as a factor in sentencing, a court may never cross the line into attempting 'to compel an admission of guilt or punish the defendant for maintaining his innocence.'" State v. Nakamitsu, 140 Hawaiʻi 157, 166, 398 P.3d 746, 755 (2017) (quoting State v. Kamanaʻo, 103 Hawaiʻi 315, 321, 82 P.3d 401, 407 (2003)).

Kaluna argues that a "no contest plea is not an indication of lack of remorse"; and that the Circuit Court "abused [its] discretion by inferring [a lack of] remorse" from

his "failure to state an apology and take responsibility for the alleged crimes in his allocution statement"; and "[i]n taking remorse into account and allowing it to play **the primary role** in the final sentencing decision . . . ."

Here, the Circuit Court's observation that Kaluna lacked remorse for the psychological harm to the victim of the Kidnapping was a "characteristic[ ] of the defendant" that could properly be considered.  HRS § 706-606(1).  The record does not support Kaluna's claim that the lack of remorse was "**the primary**" factor in the Circuit Court's sentencing decision, where the Circuit Court made multiple references to the "career" nature of Kaluna's numerous criminal cases that he was already imprisoned for.  Nor did the Circuit Court run afoul of Nakamitsu by attempting to compel an admission of guilt or punish Kaluna for pleading no contest.  See Nakamitsu, 140 Hawaiʻi at 166, 398 P.3d at 755.

Relying on State v. Satoafaiga, 150 Hawaiʻi 406, 504 P.3d 324 (2022),[6] Kaluna argues that "the sentencing court committed an error in [sic] respect to the factors it considered" and "the sentencing judge gave [weight] to [an] improperly applied factor."  Kaluna does not provide further explanation of his Satoafaiga-based argument.  See Hawaiʻi Rules of Appellate Procedure Rule 28(b)(7) ("Points not argued may be deemed waived.").  Assuming *arguendo* it is not waived, Satoafaiga does not apply.  The record does not reflect the Circuit Court improperly considered the multiple sexual assault charges with which Kaluna had been charged, rather than the

---

[6]  In Satoafaiga, the supreme court held it was improper for the circuit court to consider a sexual penetration allegation where the sexual assault charge the defendant pled no contest to did not include sexual penetration.  150 Hawaiʻi at 418-19, 504 P.3d at 336-37.

single Kidnapping offense for which he was convicted. The Circuit Court referred to the need for Kaluna to be accountable for causing "a person to be harmed not necessarily physically but ***psychologically***," and did not refer to the harm as both physical and psychological in nature, as would be expected for sexual assault offenses. (Emphasis added.) The Circuit Court found that "the circumstances of the ***offense*** are egregious," referring to the subject offense in the singular, rather than using the plural "offenses." (Emphasis added.) Thus, the record is consistent with the Circuit Court properly confining its consideration to a single Kidnapping conviction and not multiple counts of sexual assault, and we find no abuse of discretion. See Hussein, 122 Hawai'i at 503, 229 P.3d at 321.

For the foregoing reasons, the February 1, 2023 Judgment of Conviction and Sentence by the Circuit Court of the Third Circuit, is affirmed.

DATED: Honolulu, Hawai'i, February 15, 2024.

On the briefs:

Andrew M. Kennedy,
for Defendant-Appellant.

Stephen L. Frye,
Deputy Prosecuting Attorney,
County of Hawai'i
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge